IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jovan M. Brown, ) | |
| ) | C.A. No.   6:22-1705-HMH-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Ron Lawrenz, Eric Ramos, and Lisa Young, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on remand from the United States Court of Appeals for the Fourth Circuit for the limited purpose of determining whether to reopen the appeal period under Rule 4(a)(6) of the Federal Rules of Appellate Procedure.   Brown v. Lawrenz, No. 24-6045, 2024 WL 2827933, at *1 (4th Cir. Jun. 4, 2024).

Rule 4(a)(6) states:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if *all* the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).   On September 6, 2023, the court entered an opinion and order adopting the Report and Recommendation of the magistrate judge and granting Defendants' motion for summary judgment.  (Sept. 6, 2023, Order, ECF No. 69.)   The order

1

specifically informed Plaintiff that he had 30 days to appeal the order.  Judgment was entered on September 7, 2023.  (J., ECF No. 70.)  The order and judgment were mailed to Plaintiff at his current address.  (Mailing Docket Entry, ECF No. 71.)  Plaintiff then filed a notice of appeal on December 27, 2023.[1]  (Not. Appeal, ECF No. 73.)

The Fourth Circuit construed a letter from Plaintiff to the district court dated December 11, 2023, as a motion to reopen the appeal period under Rule 4(a)(6).  (Mot. Reopen Appeal, ECF No. 72.)  In the December letter/motion, Plaintiff states that he "was unable to meet [his] deadline for responding to [D]efendants['] motions" because he did not have access to his legal property.  (Id., ECF No. 72.)  Plaintiff also states that he "received a document from the clerk[']s office granting [D]efendants summary judgment and stating [that he] had 30 days to appeal."  (Id., ECF No. 72.)  Plaintiff's December letter/motion does not specify when he received notice of the court's September 6, 2023, order.

However, a letter from Plaintiff to the Fourth Circuit dated February 13, 2024, provides additional information.[2]  In the February letter, Plaintiff states that on September 3, 2023, he requested his legal property from the property officer at the facility where he is housed. Plaintiff adds that he received the September 6, 2023, opinion and order the same day it was entered, September 6, 2023, and specifically notes that the order provided "notice of right to appeal within (30) days" from that date.  (Feb. 13, 2023, Ltr., 4th Cir. No. 24-6045, ECF No.

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

[2] The court may take judicial notice of this letter, which is part of the appellate court record. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice is in noticing the content of court records." (internal quotation marks and brackets omitted)).

14.)   Plaintiff further states that on September 12, 2023, he again requested his legal property from the property officer and indicated in that request that "there was a deadline that had to have been met."   (Id.)   While it appears that Plaintiff was having trouble obtaining some of his legal property from the property officer at his facility, based on his own admissions, Plaintiff plainly received actual notice of the September 6, 2023, order within 21 days of its entry and was aware of the deadline for filing a notice of appeal.   Under these circumstances, Plaintiff cannot meet the requirements for granting an extension under Rule 4(a)(6).   See United States v. Hinton, No. 04-7495, 120 F. App'x 462, 464 (4th Cir. Jan. 31, 2005) (unpublished) (affirming denial of the movant's motion to reopen the appeal period where the movant admitted that he received notice of the district court's entry of judgment eight days after it was entered).

It is therefore

**ORDERED** that Plaintiff's motion to reopen the time to file an appeal, document number 72, is denied.

**IT IS SO ORDERED.**

> s/Henry M. Herlong, Jr.
> Senior United States District Judge

Greenville, South Carolina
June 18, 2024

3